**IN THE UNITED STATES DISTRICT COURT**
**OF PUERTO RICO**

| | |
|---|---|
| JUAN JOSÉ LANTIGUA-NÚÑEZ<br><br>**PLAINTIFF**<br><br>V.<br><br>UNITED STATES COAST GUARD (USCG), OFFICERS<br><br>**DEFENDANTS** | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Juan José Lantigua-Núñez, by and through his undersigned counsel, and for his Complaint against Defendants: The United States Coast Guard (USCG) hereby states and alleges as follows:

**JURISDICTION AND VENUE**

This is an action pursuant to 28 U.S.C. §1346(b), §2671-§2680, and 42 U.S.C. §1983. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and §1343, because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983, see also 28 U.S.C. § 2502. Alternatively, this is a Bivens action, pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

In addition, Mr. José Juan Lantigua-Núñez is a Dominican national, hence the court has jurisdiction 28 U.S.C. § 1332 (2)(3).

Finally, the incident occurred in the high seas and all tortious acts were commited on and, from the deck of a federal vessel, at open sea, thus Admiralty jurisdiction ensues.

This Court has authority to award attorney's fees pursuant to 42 U.S.C. §1988.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(c) and (e).

**NATURE OF THE ACTION**

1. This case arises out of the unreasonable and excessive use of force and inhumane treatment of a Dominican male, José Juan Lantigua-Núñez, at the hands of the USCG and/or its officers and personnel. The USCG, to disable the vessel that Mr. Lantigua was operating, fired at and through him to achieve its purpose.

2. The USCG firing at and through Mr. Lantigua whilst he was operating a vessel is against the USCG and USHS protocols, standard operating procedures (SOP's) and was an illegal use of force.

1

3. Because the USCG fired at and through Mr. Lantigua, to disable the vessel he operated, he was hit on his arm and suffered and continues to suffer serious injuries as a result.

4. Mr. Lantigua, at all times pertinent to this claim, was unarmed and did not pose a threat to USCG and/or its officers and personnel.

5. Plaintiff, Mr. Lantigua, brings this suit under the FTCA to recover damages for the physical and psychological trauma he has suffered and continues to suffer because of the USCG unlawful use of force.

## PARTIES

6. Plaintiff José Juan Lantigua-Núñez, is a citizen of the Dominican Republic.

7. Defendant United States Coast Guard (USCG) is an Agency of the United States and is sued under the FTCA for its actions and the actions of its officers and employees, including but not limited to Defendant Mikael M. Allert, Matthew B. Lane, precision marksmen Joffrey Bagwell and Pardeep Chacha.

8. Defendant Mikael M. Allert, is a person of legal age, domiciled in the Commonwealth of Puerto Rico. At all times pertinent and relevant to this action, Allert, was employed by the USCG and all times mentioned herein acted in the course and scope of his employment and under color of law. Alert is sued in his individual capacity for his actions under 42 U.S.C. § 1983. Alternatively, he is sued under the doctrine of Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

9. Defendant Matthew B. Lane is a person of legal age, domiciled in the Commonwealth of Puerto Rico. At all times pertinent and relevant to this action, Lane, was employed by the USCG and at all times mentioned herein acted in the course and scope of his employment and under color of law. Lane is sued in his individual capacity for his actions under 42 U.S.C. § 1983. Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

10. Defendant precision marksman Joffrey Bagwell is a person of legal age, domiciled in the Commonwealth of Puerto Rico. At all times pertinent and relevant to this action, Bagwell, was employed by the USCG and all times mentioned herein acted in the course and scope of his employment and under color of law. Bagwell is sued in his individual capacity for his actions under 42 U.S.C. §1983. Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

11. Defendant Pardeep Chacha is a person of legal age, domiciled in the Commonwealth of Puerto Rico. At all times pertinent and relevant to this action, Chacha, was employed by the USCG and all times mentioned herein acted in the course and scope of his employment and under color of law. Chacha is sued in his individual capacity for his actions under 42 U.S.C. §1983. Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

12. Defendants John Doe 1 through 5 (collectively, "Bystander") were, at all times pertinent and relevant to this action, employed in the USCG, and at all times herein mentioned acted in the course and scope of their employment and under color of law. Defendant Bystander are sued in their individual capacities for their xactions under 42 U.S.C. §1983. Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

13. Defendants acted together, in common accord and aiding each other in the events that caused Plaintiff's damages and are liable jointly ("in solido") and severally for the intentional, excessive, and otherwise unconstitutional and tortious conduct set forth below.

## FACTUAL ALLEGATIONS

14. On April 27, 2021, Mr. Lantigua was aboard a "go fast vessel" in international waters (on or around fifty [50] nautical miles from the coast of Puerto Rico), when the vessel was approached by the USCG vessel Paul Clark CG6033.

15. The USCG vessel was manned by Mikael M. Allert, Matthew B. Lane, precision marksman Joffrey Bagwell and Pardeep Chacha, all of whom were acting within the scope of their employment at the time of the incident (official capacity).

16. At the time of encounter, Mr. Lantigua and the other two persons in the vessel were unarmed.

17. Mr. Lantigua and the other two persons were no threat of bodily harm or death to USCG personnel.

18. As USCG crew approached the vessel manned by Mr. Lantigua they fired warning shots.

19. After said warning shots were fired, USCG fired several live rounds at the vessel to disable its engine.

20. In one of said attempts the shots from USCG crew fired from north of the vessel (understand that they fired through the front part of the ship (the bow).

21. The action of firing from the north of the ship, through the bow of the vessel, in order to hit the engine and disable the vessel required to fire at and through Mr. Lantigua.

3

22. The firing through Mr. Lantigua disabled one of the vessel's engines but USCG crew, herein mentioned, continued to fire.

23. During the incident, Mr. Lantigua was struck by two bullets in his left arm, causing him severe damage.

24. Eventually, USCG crew was able to disable the vessel's second engine and render ship dead on water.

25. As USCG crewmembers approached the disabled vessel, they observed Mr. Lantigua lying on the deck, bleeding profusely from his wounds.

26. The delay in procuring and obtaining medical assistance for Mr. Lantigua resulted in a loss of all functions of his left arm, including the loss of sensation in his fingers.

27. The injuries sustained by Mr. Lantigua left him with a one hundred percent (100%) disability in his left arm.

**FIRST CAUSE OF ACTION**
**42 U.S.C. §1983 and/or Bivens v. Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971). Excessive Force in Violation of the Fourth and Fourteenth Amendment**

1. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

2. 42 U.S.C. §1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

3. Defendants USCG and their crewmembers, jointly and severally, deprived Mr. Lantigua of clearly established rights secured to him under the United States Constitution. Specifically, the Fourth and Fourteenth Amendments rights to be free from the use of excessive force against one's person.

4. Defendant USCG and the crewmembers excessive use of force in shooting at and through Mr. Lantigua from the front (bow or north of the vessel) was unreasonable. Defendant USCG crewmembers were aware that Mr. Lantigua would be hurt if they fired at or through him to disable the vessel's engines. This application of force was disproportionate in the

circumstances because Mr. Lantigua was not armed and therefore, he posed no threat or danger to the USCG crewmembers or anyone else.

5. Defendant Bystander USCG Officers were present at the scene of the violation of Mr. Lantigua's constitutional rights. They witnessed the use of excessive force by Defendant's against Mr. Lantigua. Though they had a reasonable opportunity to intervene to prevent or mitigate injury to Mr. Lantigua, they chose not to.

6. Defendant Bystander USCG Officers failed to take any action to prevent harm to Mr. Lantigua, and thereby proximately caused excessive force to be inflicted upon Mr. Lantigua that resulted in a constitutionally actionable injury. Defendant Bystander USCG Officers are jointly and severally liable for Mr. Lantiguas' injuries.

7. Any reasonable officer in the position of Defendants' or Defendant Bystander USCG Officers would have known that the force being used against Mr. Lantigua was unconstitutional.

8. Any reasonable police officer in the position of Defendant or Defendant Bystander USCG Officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. Lantigua.

9. Defendants' conduct resulted in physical injury to Mr. Lantigua. It severely damaged his left arm, and caused long-term nerve pain in his entire arm, preventing him from using it for long periods of time. As a result, he has lost all function in his left arm.

10. Defendants' conduct was the moving force and the proximate and producing cause of the injuries.

11. Due to the injuries suffered by Mr. Lantigua, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial and that should be no less than $1,000,000.00.

12. Mr. Lantigua is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

28. In depriving Mr. Lantigua of his rights under the United States Constitution, Defendants acted under color of law in their respective capacities as police officers, and their actions and omissions were conducted within the scope of their respective official duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. §1983 or pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

## SECOND CAUSE OF ACTION

## 42 U.S.C. §1983 And/Or Bivens V. Six Unknown Named Agents, 403 U.S. 388(1971)

## Failure To Promptly Procure Medical Assistance

13. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

14. Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

15. Defendants' conduct resulted in physical injury to Mr. Lantigua. It severely damaged his left arm, and caused long-term nerve pain in his entire arm, preventing him from using it for long periods of time. As a result, he has lost all function in his left arm.

16. Defendants' delay in procuring medical assistance after they shot at and through Mr. Lantigua due to their excessive use of force violated plaintiff's constitutional rights.

17. Defendants' conduct was the moving force and the proximate and producing cause of the injuries.

18. Due to the injuries suffered by Mr. Lantigua, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial that should be no less than $1,000,000.00.

### JURY DEMAND

19. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure for all issues which can be so tried.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against defendants as follows:

a. Award compensatory and punitive damages for violations in an amount that is fair, just, and reasonable.

b. Declare that the acts alleged herein are unlawful and in violation of plaintiff's rights.

c. Declare that the USCG policy, practice or procedures alleged herein is unlawful and violate plaintiff's rights.

d. Order USCG to implement alternative policies, practices, or procedures that are consistent with legal standards.

e. Award plaintiffs their reasonable attorney's fees and costs; and

f. Grant such other appropriate relief as may be just and proper.

JURY TRIAL DEMANDED.

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: November 22, 2023.

**RAFAEL GONZALEZ VELEZ PSC**
1806 MCLEARY SUITE 1-B
SAN JUAN, PR 00911-1321
TEL. (787) 982-6507
Email: rgvlo@yahoo.com

/S/Rafael González Vélez
Rafael González Vélez, Esq.
USDC No. 124311

**&**

**LAWYERS, PSC**
P.O. BOX 3825
MAYAGÜEZ, P.R. 00681
TEL. (787) 299-5935
Email: castellanos@lawyerspsc.com

*/S/Josué Emanuel Castellanos Otero*
Josue E. Castellanos Otero, Esq.
USDC No. 301706